## UNITED STATES *v.* HARTLEY.

*(District Court, N. D. Mississippi, W. D.* June 15, 1890.)

**1. POST-OFFICE—LARCENY FROM MAILS—CONSTRUCTION OF STATUTE.**

Rev. St. U. S. § 5467, provides: "Any person employed in any department of the postal service who shall secrete, embezzle, or destroy any letter * * * which shall contain any note, bond, * * *,"—but provides no penalty after such clause. After a semicolon, it further provides: "Any such person who shall steal or take away of the things aforesaid out of any letter, * * * shall be punished," etc. *Held* that, since there is no penalty attached to the first clause, the section only covers the offense described in the second clause, of stealing or taking away.

**2. SAME—INDICTMENT.**

Where an indictment under such section charges that defendant "did secrete, embezzle, and destroy" certain letters, etc., "within the intent and meaning of section 5467, Revised Statutes of the United States," the recital of such section will be considered surplusage, and the indictment, though not good under said section 5467, will be considered sufficient under section 3891, which provides that "any person employed in any department of the postal service who shall unlawfully detain, delay, or open any letter, packet, * * * or who shall secrete, embezzle, or destroy any such letter, packet, * * * shall be punished," etc.

On Motion to Quash Indictment.

Rev. St. U. S. § 5467, provides: "Any person employed in any department of the postal service who shall secrete, embezzle, or destroy any letter * * * which shall contain any note, bond, * * *; any such person who shall steal or take any of the things aforesaid out of any letter, * * * shall be punished," etc. Section 3891 provides: "Any person employed in any department of the postal service who shall unlawfully detain, delay, or open any letter, packet, * * * or who shall secrete, embezzle, or destroy any such letter, packet, * * * shall be punished," etc.

*Henry C. Niles*, U. S. Dist. Atty.

*Edward Mayes*, for defendant.

HILL, J. The questions for decision now presented arise upon the defendant's motion to quash the indictment. The indictment charges that the defendant, on the 17th day of June, 1887, within this district, did secrete, embezzle, and destroy certain letters intrusted to him, and which then and there came into his possession, and which were then and there intended to be conveyed by the mail, which said letters then and there contained articles of value within the intent and meaning of section 5467, Rev. St. U. S., a more particular description of which said letters and contents to the grand jurors were unknown; the said George A. Hartley then and there being a clerk in the post-office of the United States at Lyon, in said district, contrary to the form of the statute of the United States, and against the peace and dignity of the United States. The grounds of the motion to quash the indictment, as stated, are: (1) The indictment does not charge that the acts set forth were done feloniously. (2) That the indictment does not charge that the articles were taken out of the letters. (3) That the indictment does not sufficiently describe the contents of the letters. (4) Because that, as to the first count in the indictment, the charge therein contained is self-

contradictory in this, that the averment is that the defendant did secrete, embezzle, and destroy the articles therein contained. The offense charged is not a felony, but a misdemeanor. Hence the ground for the motion is not well taken. This ground for the motion would be well taken if the indictment were based on the latter clause of section 5467.

There is a difference of opinion among the judges who have passed upon this question—*First.* By Judge PARDEE, of this circuit, in the case of *U. S.* v. *Long,* 10 Fed. Rep. 879, in which he holds that the first clause of section 5467, not having any penalty annexed to it, is inoperative. *Secondly.* By Judge BROWN, of the eastern district of Michigan, in *U. S.* v. *Atkinson,* 34 Fed. Rep. 316, in which he holds that the penalty which was annexed to the first clause by section 279 of the act of June 8, 1872, which section was carried into the Revised Statutes, was by oversight omitted in the Revised Statutes, and may be supplied by implication. The *third* decision on this question was by Judge SIMONTON, of the South Carolina district, in *U. S.* v. *Gruner,* 35 Fed. Rep. 59, in which it is held that the only offense punishable under section 5467 is the "stealing or taking" by a postal employe of the articles enumerated in this section from the mail intrusted to him, which mail has been embezzled, secreted, or destroyed by him. In a case upon which there is a difference of opinion among the judges who have passed on the question, and in which there is some doubt as to the proper construction to be given to the statute, I think it safer to follow that given by the circuit judge of this circuit, and therefore hold that, for the want of the penalty to the first clause, this indictment cannot be maintained as a violation of section 5467.

But the charge made in the indictment is that the defendant was employed as a clerk in the post-office at Lyon; that the letters were in his custody as such clerk,—which charge is substantially the same offense as is described in section 3891, and creates the offense, although the package, letter, or mail does not contain anything of value, and fixes the punishment at a fine of not more than $500, or by imprisonment for not more than one year, or by both. The statement made in the indictment that the letters contained the articles mentioned in section 5467 may be considered as surplusage, and when so considered the indictment is sufficient under section 3891; and for this reason the motion to quash the indictment will be overruled, and the defendant held to answer the same as if it were an indictment under section 3891.